## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Vanessa Vázquez Torres, individually and as heir to Victor Arcides Vazquez Adorno<br>**Plaintiffs**<br><br>vs.<br><br>Lizette Ayala Marrero an individual, Juan E. Pacheco an individual, both doing business as Maricao Supermarket Inc. and Supermercado La Marina, Cooperativa de Seguros Múltiples de P. R., José Arnaldo Torres Figueroa, John Doe and unknown defendants<br>**Defendants** | Civil No.:<br><br><br>About: **General Negligence - Wrongful Death**<br><br>**TRAIL BY JURY DEMANDED** |

# COMPLAINT

**TO THE HONORABLE COURT:**

**APPEARS NOW** Plaintiff, through the undersigned legal representation and before this Honorable Court respectfully states, alleges and request as follows:

### I.   JURISDICTIONAL BASIS AND VENUE

1. The Honorable Court has jurisdiction over present matter under 28 USC 8 1332(a)1, because Plaintiff Vanessa Vázquez Torres and the aforementioned defendants are citizens of different states and the amount of controversy exceeds $75,000.00 excluding interest and cost.

2. Plaintiffs also invoke articles 1802 and 1803 of the Puerto Rico Civil Code, because this is an action for general negligence and wrongful death under the laws of the Commonwealth of Puerto Rico, against all defendants under the supplemental jurisdiction principles in the interest of judicial efficiency and economy.

3. Venue is proper in the U. S. District Court for the District of Puerto Rico, pursuant to 28 USC sec. 1391(b)(2), since the events or omissions giving rise to this claim occurred in this District.

## II.   THE PARTIES

4. Plaintiff Vanessa Vázquez Torres is a natural person of legal age, resident of Adrian, Michigan, daughter and heir of Víctor Arcides Vázquez Adorno.

5. Defendant, Lizette Ayala Marrero, is a natural person of legal age resident of Corozal, Puerto Rico and co-owner of Maricao Supermarket Inc. (d/b/a Supermercado La Marina), located at Vega Baja, Puerto Rico.

6. Defendant Juan E. Pacheco a natural person, of legal age, resident of Corozal Puerto Rico and co-owner of Maricao Supermarket Inc. (d/b/a Supermercado La Marina), located at Vega Baja, Puerto Rico.

7. Defendant Maricao Supermarket Inc. (d/b/a Supermercado La Marina) is a business owned by defendants Lizette Ayala Marrero and Juan E. Pacheco, located at road 677, km .21 Int. Vega Alta, P. R. 00692.

8. Defendant José Arnaldo Torres Figueroa is the owner of the property were the Maricao Supermarket Inc. (d/b/a Supermercado La Marina) is located at Vega Alta, P. R.

9. Cooperativa de Seguros Múltiples de Puerto Rico is the insurance company that issued a policy #0760632, to cover the building were the Maricao Supermarket Inc. (d/b/a Supermercado La Marina), with office in San Juan, Puerto Rico.

10. Defendants John Doe as well as any other Tortfeasors and their respective Insurance Companies are the fictitious names hereby given to the additional parties

whose identities or names are not known to this moment and whose negligent actions or omissions are proximately and direct causes for plaintiffs' damages. Once their real identities are discovered that fictitious names will be substituted for real ones.

### III.   BACKGROUND

11. On March 6, 2020, Plaintiff, Vanessa Vázquez Torres, initially filed a complaint with the same facts and similar claim of damages at the Superior Court of Bayamón, Puerto Rico.

12. On February 4, 2021, the action filed in the state court was dismissed without prejudice by the Bayamon Court.

13. Víctor Arcides Vázquez Adorno, deceased father of Plaintiff, was a regular client of defendant, Maricao Supermarket Inc. (d/b/a Supermercado La Marina), that almost daily purchased groceries at the supermarket.

### IV.   FACTS

14. On June 13, 2019, was raining and Víctor Arcides Vázquez Adorno went to cover from the rain near a food truck located at the premises of defendant Maricao Supermarket.

15. In that occasion the father of Plaintiff made contact with the food truck and received an electrical shock in his right arm that open a wound in the arm and burns in his right leg causing the death by electrocution of the father of Plaintiff.

16. The illegal electrical connection of the food truck unit from the defendant Maricao Supermarket was in non-compliance to current applicable electrical code

requirements. No effort was taken to comply to current code requirements and the law by the owners of the Maricao Supermarket facilities, defendants, Lizette Ayala Marrero and Juan E. Pacheco. This led to unsafe electrical facilities that represented an imminent hazard to any person attending the referenced facilities. Moreover, these unsafe and unlawful electrical facilities at the Maricao Minimarket undoubtfully caused the death of Mr. Victor A. Vázquez Adorno.

17. The absence of proper operation of the electrical facilities is evident. It is unknown whether the food truck located in the Maricao Supermarket have their corresponding permits form the state/local authorities having jurisdiction. These permits are closely related to the type of operation and/or use the facilities are being subject to. Weather defendants, Maricao Supermarket permit allows for restaurant service provided by the food truck is unknow. Also, the information provided clearly shows that an illegal electrical connection at defendants, Maricao Supermarket was present at the time of the accident. This only shows the lack of compliance, from the owners and operators of defendants, Maricao Supermarket, defendants, Lizette Ayala Marrero and Juan E. Pacheco to the corresponding process of the development as well as the proper operation of such facilities.

18. The lack of proper housekeeping practices is evident at the Maricao Supermarket. It is clearly noticed the lack of housekeeping practices at the surrounding areas of the Maricao Supermarket. Furthermore, it was known prior to Mr. Vázquez Adorno's death that the food truck unit body was **energized**. The exposure of **live parts** of the food truck from electrical current unit was present prior to Mr. Vazquez

Adorno's death. This incident could have easily been prevented if the unsafe condition would have been corrected on a timely manner.

19. In summary due to the deficiencies of the electrical service connection of the food truck unit illegally connected to the building occupied by defendant, Maricao Supermarket in combination to the lack of interest to correct the existing hazardous conditions in violations of current applicable electrical codes and the unproper and unsafe use of the electrical facilities from defendants Lizette Ayala Marrero and Juan E. Pacheco, owners of defendant Maricao Supermarket in charge of the operation, lead to the death by electrocution of Mr. Victor A. Vázquez Alonso on the afternoon of June 13, 2019.

20. Defendant, José Arnaldo Torres Figueroa, the owner of the property where defendant Maricao Supermarket was located when the wrongful death of the father of Plaintiff occurred, was negligent in permitting that defendants, Lizette Ayala Marrero and Juan E. Pacheco owners of defendant, Maricao Supermarket Inc. illegally and unsafely operated the electrical facilities of the connection of the food truck energized that lead to the wrongful death of the father of Plaintiff by electrocution.

## V. DAMAGES

21. Plaintiff Vanessa Vázquez Torres suffered and still suffering, anxiety, depression, frustration, lack of sleep, inconveniences, mental anguishes after the sudden and unexpected death of her beloved father. Damages directly caused by the negligence and lack of diligence and previsibility of Defendants, that directly affect her quality of life and wellbeing and are reasonably calculated in an amount in excess of **TWO**

**MILLION DOLLARS ($2,000,000.00),** amount hereby requested to be paid by Defendants.

## VI.   TRAIL BY JURY DEMANDED

22. Plaintiffs demands a trial by jury.

## VII.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Vanessa Vázquez Torres, respectfully pray from this Honorable Court to render Judgment in favor of plaintiff and to award her a sum no less than **TWO MILLION DOLLARS ($2,000,000.00),** suffered by her, because of defendants combined negligence, lack of diligence and previsibility, plus an award for punitive damages allowed by law in an amount deemed necessary and just by this Honorable Court, as well as costs incurred, reasonable attorney's fees, and any other relief considered proper and just by this Honorable Court, all to be paid severally by defendants.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, 1st day of April 2021.

**CERTIFICATE OF SERVICE:** On this date, this document has been filed electronically with the Court's CM/ECF system.

s / *Jose Durand Carrasquillo*
**JOSÉ DURAND CARRASQUILLO**
**USDC 207010**
**P.O. BOX 363904**
**SAN JUAN, P.R. 00936-3904**
**TEL.:(787)783-9386 / FAX:(787)792-8802**
**Email: durandj@microjuris.com**