THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VANESSA VÁZQUEZ-TORRES,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**LIZZETE AYALA-MARRERO, et. al,**<br><br>    **Defendants.** | Civil No. 21-1148 (ADC) |

**OMNIBUS OPINION AND ORDER**

Before the Court is plaintiff Vanessa Vázquez-Torres's ("Vanessa")[1] motion to amend the complaint. **ECF No. 27**. Also before the Court are co-defendant Cooperativa de Seguros Múltiples de Puerto Rico's ("CSMPR") motions for summary judgment. **ECF No. 7** and **10**. For the reasons set forth below, Vanessa's motion to amend is **GRANTED**. CSMPR's motion for summary judgment at **ECF No. 7** is **GRANTED** and the one at **ECF No. 10** is **DENIED IN PART** and **DEEMED AS MOOT IN PART**.

**I. Factual and Procedural Background**

Vanessa filed suit seeking personal damages under Puerto Rico tort law. **ECF No. 1**. She alleged that her father, Víctor Arcides Vázquez-Adorno ("Víctor Arcides"), was fatally electrocuted when he touched a food truck that was energized by an illegal and unsafe electrical connection to a nearby supermarket. *Id.* at 4-5. She requested damages for "anxiety, depression,

---

[1] Because this case involves several parties with the same or similar last names, the Court will refer to plaintiff's first name for the sake of clarity.

frustration, lack of sleep, incoveniences [and] mental anguishes" she suffered in relation to "the sudden and unexpected death of her beloved father." *Id.* at 6. Vanessa also posited she is a citizen of Michigan for purposes of diversity jurisdiction, while the defendants hail from Puerto Rico. *Id.* at 2.

CMSPR moved for partial summary judgment dismissing Vanessa's claims for personal damages against it, arguing that such damages are not covered by the insurance policy that binds CSMPR to this case. **ECF No. 7**.

Vanessa subsequently filed an amended complaint. **ECF No. 8.** Therein, she included a survivorship claim as an heir to Víctor Arcides. CSMPR again moved for summary judgment dismissing the inherited cause of action, arguing that such a claim is time-barred, and that Vanessa's brother is an indispensable party and joinder would not be feasible without destroying complete diversity. **ECF No. 10** at 7-12.

Now, Vanessa also moves to amend the complaint to join her brother's personal and inherited claims here. **ECF No. 27**.

**II. Indispensable Parties and the Motion to Amend**

This case was brought by Vanessa on her own behalf and as Víctor Arcides's heir. At the time of Víctor Arcides's death, the cause of action for damages related to his own suffering passed to her as part of what Puerto Rico law calls the "legítima." *Arias-Rosado v. González-Tirado*, 111 F. Supp. 2d 96, 98 (D.P.R. 2000). The legítima is part of a succession, which is made up by the heirs, and "does not have existence by itself as a juridical person or entity on behalf of which

a lawsuit can be brought." *Id.* at 98–99 (*citing Pino Dev. Corp. v. Negrón de Méndez*, 133 D.P.R. 373, 388 (1993)). As such, survivorship claims, like the one brought on Víctor Arcides's behalf, depend on the citizenship of the heirs, not the deceased. *Id.* at 99.

Thus, at the time of Víctor Arcides's death, his succession passed on to Vanessa, who claims Michigan citizenship, and her brother Víctor Omar Vázquez-Torres ("Víctor Omar"), who resided in Toa Alta until at least June of 2020, but has since also moved to Michigan. **ECF Nos. 10-2** at 1 and **27**. Vanessa has filed suit in this Court,[2] while her brother initially only filed suit in state court. **ECF No. 8**; **ECF No. 10-2**.

According to CSMPR's motion for summary judgment at **ECF No. 10**, this suit cannot be heard without the presence of Víctor Omar, who is also part of Víctor Arcides's succession because he is one of his heirs and thus an indispensable party.[3] The Court agrees.

The First Circuit Court of Appeals is yet to decide whether all heirs are indispensable parties to a survivorship claim in this jurisdiction. *See Delgado-Caraballo v. Hosp. Pavía Hato Rey, Inc.*, 889 F.3d 30, 35 (1st Cir. 2018). Still, it has observed that there existed a split in this district regarding the matter. *See Casón v. Puerto Rico Elec. Power Auth.*, 770 F.3d 971, 975 (1st Cir. 2014). That split has, however, more recently skewed heavily in favor of the proposition that all heirs are indeed indispensable parties. *See Rodríguez Murphy v. United States*, 2019 WL 3776808 at *1-

---

[2] Vanessa first filed her claims in state court, but they were dismissed without prejudice. **ECF No. 10-1.** She then filed in Federal Court.

[3] To determine whether Víctor Omar is an indispensable party, the Court must determine whether he is necessary under Rule 19(a). This requires inquiring into whether the unjoined parties are persons in whose absence "the court cannot accord complete relief" or whose interests would be prejudiced were they not a party. Fed. R. Civ. P. 19(a)(1).

2 (D.P.R. Aug. 9, 2019) (López, M.J.); *Delgado v. Dorado Health, Inc.*, 2017 WL 2963379 at *2-3 (D.P.R. July 11, 2017) (Singal, J.) ("the Court reads a majority of the recent cases as accepting 'the indispensability of all heirs to an estate when the same is a party to a claim'"); *Urb. Fin. of Am., LLC v. Est. of Mercado-Otero*, 2017 WL 11607782 (D.P.R. Aug. 28, 2017) (García-Gregory, J.); *Caraballo v. Hosp. Pavía Hato Rey Inc.*, 2017 WL 1247872 at *6-7 (D.P.R. Mar. 31, 2017) (Domínguez, J.), aff'd in part, vacated in part, remanded sub nom. *Delgado-Caraballo*, 889 F.3d 30; *Rivera v. González*, 2017 WL 1247875 at *3 (D.P.R. Mar. 31, 2017) (López, M.J.); *Reyes–Ortiz v. HIMA San Pablo–Bayamón*, No. 11–1273 (PAD), ECF No. 142 (D.P.R. June 16, 2014) (P. Delgado, J.); *Betancourt v. United States*, 2014 WL 5846745 at *2-3 (D.P.R. Nov. 12, 2014) (López, M.J.); *Segura-Sánchez v. Hosp. Gen. Menonita, Inc.*, 953 F. Supp. 2d 344 (D.P.R. 2013) (Besosa, J.); *Pagán-Ortiz v. Carlo-Domínguez*, 977 F. Supp. 2d 106, 107 (D.P.R. 2013) (Gelpí, J.); *Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamón*, 728 F. Supp. 2d 14 (D.P.R. 2010) (Besosa, J.).[4]

The Court agrees with the rationales in these cases and adopts them herein. There is no need to continue to beat the well-trodden path. Indeed, "all heirs to an estate must be joined as parties to a survivorship lawsuit because [a succession] is not an entity distinct and separate from the persons composing it and does not have existence by itself as a juridical person or entity." *Segura-Sánchez*, 953 F. Supp. 2d at 348.

---

[4] *But see Jiménez–Franceschini v. Bentley*, 12–1504 (ADC), ECF No. 183 (D.P.R. March 31, 2014) (Delgado-Colón, J.) (not necessary to decide whether heirs are indispensable parties because plaintiff had conceded that they are). *See also, Jiménez–Franceschini*, 12–1504 (ADC), ECF No. 175 (D.P.R. Feb. 11, 2014) (Carreño-Coll, M.J.) (recommending claims be dismissed because joinder of indispensable co-heirs would destroy diversity).

Thus, due to all the above, the Court holds that Víctor Omar is an indispensable party to Vanessa's survivorship claim because he is a co-heir of Víctor Arcides's estate. And, as Víctor Omar is a citizen of Michigan for purposes of diversity jurisdiction,[5] his joinder is entirely feasible here. In tune with that conclusion, Vanessa has moved to amend the complaint to join Víctor Omar as a plaintiff in the above-captioned suit. **ECF No. 27**. That motion to amend is hereby **GRANTED**.

The Court will now turn to CSMPR's pending motion for summary judgment.

### III. Legal Standard

Through summary judgment, courts "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992). The Supreme Court encourages employing summary judgment in federal courts – it "[avoids] full blown trials in unwinnable cases, … [conserves] parties' time and money, and [permits] the court to husband scarce judicial resources." *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314 (1st Cir. 1995). *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A court may grant summary judgment only when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Sands v. Ridefilm Corp.,* 212 F.3d 657, 660 (1st Cir. 2000). A factual dispute is "genuine" if it could be resolved in favor of either

---

[5] *See* **ECF No. 27**.

party, and "material" if it potentially affects the outcome of the case. *See Calero-Cerezo v. U.S. Dep't of Justice,* 355 F.3d 6, 19 (1st Cir. 2004). The court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." *Reeves v. Anderson Plumbing Productions Inc.*, 530 U.S. 133, 135 (2000). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of a jury, not of a judge. *See id.*

In short, when there is a genuine dispute as to any material fact, and when a court would be required to make credibility determinations, weigh the evidence, or draw legitimate inferences from the facts in order to adjudicate a controversy, summary judgment will not be granted. While no legitimate inferences can be drawn, the court will construe all reasonable inferences in favor of the nonmoving party. *See Stoutt v. Banco Popular de Puerto Rico*, 158 F. Supp. 2d 167, 171 (D.P.R. 2001). Still, the nonmoving party is required to demonstrate "through submissions of evidentiary quality that a trial worthy issue persists." *Iverson v. City of Boston*, 452 F.3d 94, 108 (1st Cir. 2006).

**IV. Motion for Summary Judgment Regarding Inherited Cause of Action (ECF No. 10)**

CSMPR moved for summary judgment dismissing Vanessa's inherited cause of action, arguing that such a claim is time-barred. **ECF No. 10.**[6]

---

[6] CSMPR also argued that Vanessa's brother is an indispensable party and joinder would not be feasible without destroying complete diversity. However, the Court's ruling in section II of this opinion and order renders CSMPR's arguments regarding Víctor Omar's diverse citizenship **MOOT**. *See supra* at 2-5.

In a vacuum, the Court could hold that Vanessa's survivorship claim is time-barred, given Puerto Rico's one year statute of limitations for such claims. *See* P.R. Laws Ann. tit. 31 § 5298. By Vanessa's own admission, her survivorship claim accrued, at the latest, on June 3, 2020. **ECF No. 16** at 2-5. Vanessa did not include her survivorship claim in the complaint she filed in state court or in her initial complaint in this Court. *See* **ECF Nos. 1** and **10-2.** Instead, she raised that claim for the first time in an amended complaint filed on June 17, 2021.[7] **ECF No. 8.** By then, over a year had elapsed: the window to timely file such a claim had shuttered closed.

However, the Court has granted leave to amend the complaint in order to join Víctor Omar. *See supra* at 4-5. Because Víctor Omar is a part of Víctor Arcides's succession, any acts he carried out to toll the statute of limitations as to his inherited claim would also toll the statute of limitations as to Vanessa's inherited claim. *Cf. Segura-Sánchez*, 953 F. Supp. 2d at 348. Because Víctor Omar has not had an opportunity to be heard on the matter yet, granting CSPMR's motion for summary judgment is not appropriate at this juncture. Therefore, CSMPR's motion for summary judgment at **ECF No. 10** is **DENIED WITHOUT PREJUDICE IN PART** and **DEEMED AS MOOT IN PART**. *See supra* at fn. 6.

**V. Motion for Partial Summary Judgment: Emotional Damages (ECF No. 7)**

CSMPR also filed a separate motion for partial summary judgment dismissing Vanessa's claims for personal damages against it, arguing that emotional damages are not covered by the

---

[7] Vanessa does not argue that the amended complaint relates back to either of the earlier complaints. The Court harbors doubts about whether the filing of an action on behalf of her deceased father would relate back to a complaint filed on her own behalf. The Court need not decide that issue here.

insurance policy that brings CSMPR to this case. **ECF No. 7**. That motion for partial summary judgment stands unopposed and will be deemed as such. *See* L. Civ. R. 7 (b).

CSMPR entered into the record uncontroverted evidence that the commercial general liability insurance policy ("the policy") it issued to co-defendant Lizette Ayala-Marrero is limited to bodily injury and property damage. **ECF No. 7-1, Defendant's Statement of Uncontested Material Facts ("DSUMF") 4**. The policy defines bodily injury as "bodily injury, sickness or disease sustained by the person, including death resulting from any of these at any time." **DSUMF 5**.

"Under Puerto Rico law, insurance contracts are considered contracts of adhesion that must be liberally interpreted in favor of the insured." *Marina Aguila v. Den Caribbean, Inc.*, 490 F. Supp. 2d 244, 248–49 (D.P.R. 2007). Specifically, "exclusionary language (setting forth circumstances in which the insurance policy does not provide coverage) should be interpreted restrictively in order to comply with the policy's intent of providing coverage to the insured." *Id. (citing Guerrido García v. Univ. Cent. de Bayamón,* 143 D.P.R. 337, 348 (1997)). However, in the absence of ambiguity, the contract terms bind the parties. *Metlife Capital Corp. v. Westchester Fire Ins. Co.,* 224 F.Supp.2d 374, 382 (D.P.R. 2002).

Applying these interpretive terms to the insurance policy in question (**ECF No. 7-2**), the Court cannot find that Vanessa's personal damages are excluded by the policy. Moreover, Vanessa includes depression and anxiety in her ledger of damages suffered – both of which can be construed as diseases and are widely recognized as mental illnesses (the policy at issue covers

sickness and disease). *See Disease*, THE SLOANE-DORLAND ANNOTATED MEDICAL-LEGAL DICTIONARY (1987) ("any deviation from … the normal … function of any part, organ or system of the body that is manifested by a characteristic set of symptoms and signs…"); *Sickness*, THE SLOANE-DORLAND ANNOTATED MEDICAL-LEGAL DICTIONARY (1987) ("any condition or episode marked by pronounced deviation from the normal healthy state; illness") *Disease*, MERRIAM-WEBSTER DICTIONARY (2022) ("a condition … that impairs normal functioning and is typically manifested by distinguishing signs and symptoms").

Next, CSMPR argues that Vanessa cannot recover personal damages when she did not suffer any **direct** damages from Víctor Arcides's electrocution. But CSMPR does not point to any provisions in the policy which support this proposition and has therefore failed to meet its burden on summary judgment. *Sands,* 212 F.3d at 660.

Furthermore, to make this argument, CSMPR relies on an incorrect reading of *Ferrer v. Lebrón García*, 3 P.R. Offic. Trans. 838 (1975). CSMPR reads *Ferrer* to establish that indirect or resulting damages may not be recovered from the insurer. But, *Ferrer* instead states that indirect or resulting damages may be recovered from the insurer, but they may not serve as the basis for an independent occurrence that triggers a new coverage limit. *See id.* at 842.[8] *See also de Freites-Vidal v. St. Paul Fire & Marine Ins. Co.,* 2012 WL 12995644 at *1 (D.P.R. Apr. 11, 2012).

---

[8] "If a person is run over by an automobile this should be expected to provoke serious mental anguish to his relatives … These are indirect damages; they arise from the primary bodily injury inflicted to only one person. To justify the use of the $50,000 limit for each accident or occurrence it is necessary for more than one person to suffer direct bodily injuries; the evidence of resulting damages does not suffice."

For these reasons, CSMPR's motion for summary judgment at **ECF No. 7** is **DENIED.**

**VI. Conclusion**

For the reasons stated above, Vanessa's motion to amend the complaint (**ECF No. 27**) is **GRANTED**. CSMPR's second motion for summary judgment (**ECF No. 10**) is **DEEMED AS MOOT IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. CSMPR's first motion for summary judgment (**ECF No. 7**) is also **DENIED.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 18th day of March, 2022.

                                      **S/AIDA M. DELGADO-COLÓN**
                                      **United States District Judge**