# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**VANESSA VAZQUEZ-TORRES, et al.**

    **Plaintiffs,**

    **v.**

**LIZETTE AYALA-MARRERO, et al.,**

    **Defendants.**

**Civil No. 21-1148 (ADC)**

## OPINION AND ORDER

Before the Court is defendant Cooperativa de Seguros Múltiples de Puerto Rico's ("CSMPR") motion for partial summary judgment and accompanying statement of uncontested material facts. **ECF Nos. 72** and **73**. Also before the Court is co-defendants Lizette Ayala-Marrero ("Ayala") and Juan E. Pacheco-Lozada's ("Pacheco" and together with Ayala, the "Ayala-Pacheco defendants") motion for summary judgment and accompanying statement of uncontested material facts. **ECF Nos. 82** and **83**.[1]

In addition, also before the Court is plaintiff Vanessa Vázquez-Torres' ("Vanessa") request to substitute co-plaintiff Víctor Omar Vázquez-Torres ("Víctor Omar" and together with Vanessa, "plaintiffs") in this action for his purported heirs given his recent death. **ECF No. 95**. This request was opposed by CSMPR, which filed a motion to dismiss on January 22, 2024. **ECF**

---

[1] The Ayala-Pacheco defendants filed a motion joining CMSPR motion for summary judgment. *See* **ECF No. 84**.

**No. 104**. Vanessa filed a response the same day, later supplemented by a motion in compliance with an order from this Court to show cause. **ECF Nos. 105** and **111**.

For the reasons stated below, CMSPR's motion for summary judgment is **GRANTED** and plaintiffs' survivorship claims are **DISMISSED** with prejudice. In addition, the Ayala-Marrero defendants' motion for summary judgment is **GRANTED** and all the claims against them are **DISMISSED** with prejudice.[2] Lastly, the Court **HOLDS IN ABEYANCE** Vanessa's request to substitute Víctor Omar for his purported heirs and CSMPR's motion to dismiss.

I.     **Procedural Background**

The genesis of this wrongful death case lies in the death of plaintiffs' father, Víctor Arcides Vázquez-Adorno ("Víctor Arcides"), who is alleged to have died by electrocution after coming into contact with a food truck on June 13, 2019, on the premises of the "Supermercado Maricao," an establishment operated by co-defendant Maricao Super Market, Inc. ("Maricao Super Market"). *See* **ECF No. 41** at 4, ¶¶ 16-18.[3]

Initially, plaintiffs jointly filed a suit on March 6, 2020, in the courts of the Commonwealth of Puerto Rico seeking emotional damages in their own right for their father's death. *See* **ECF No. 73-1** (certified translation of complaint in *Víctor Omar Vázquez Torres and Vanessa Vázquez Torres v. Juan Pacheco, et al.*, No. BY2020CV01246 (P.R. Sup. Ct. Bayamón Mar. 6, 2020)). That suit

---

[2] The motions for summary judgment were fully briefed prior to plaintiff's Víctor Omar's death.

[3] Although plaintiffs named "Supermercado Maricao, Inc. (d/b/a Supermercado La Marina)" as codefendant, the correct name of the corporate entity is Maricao Super Market, Inc. *See* **ECF No. 44** at 2, ¶ 8; **ECF No. 82** at 7, n. 1.

was dismissed without prejudice on February 4, 2021. **ECF No. 41** at 3, ¶ 13. On March 31, 2021, Víctor Omar filed a suit in the Commonwealth courts seeking damages in his own right. *Id.*, at 3, ¶ 14; **ECF No. 73** at 3, ¶ 11; **ECF No. 78-1** at 1 (certified translation of partial judgment issued in *Víctor Omar Vázquez Torres v. Lizzette Ayala Marrero, et al.*, No. BY2020CV01246 (P.R. Sup. Ct. Bayamón June 16, 2021)). The very next day, on April 1, 2021, Vanessa filed the above-captioned complaint before this Court seeking damages in her own right. **ECF No. 1**. Essentially, plaintiffs bifurcated their individual claims and pursued them separately in two different venues.

On June 16, 2021, Víctor Omar amended his state-court complaint to include a claim for damages suffered by Víctor Arcides, that is, a survivorship claim in his capacity as heir. **ECF No. 78-1** at 2. The very next day, on June 17, 2021, Vanessa amended her federal-court complaint in this proceeding to include a survivorship claim, too. **ECF No. 8**. On September 14, 2021, Víctor Omar's survivorship claim was dismissed by the Commonwealth court because it was time-barred. **ECF No. 73** at 3, ¶ 12; **ECF No. 78-1**. As to Vanessa's survivorship claim, on June 23, 2021, CSMPR moved for summary judgment to dismiss it on the grounds that the claim was time-barred, that Víctor Omar was an indispensable party, and that joinder would not be feasible without destroying complete diversity. **ECF No. 10** at 7-12.

Fast forward to February 17, 2022, Vanessa moved to amend the above-captioned complaint to include Víctor Omar as a co-plaintiff. **ECF No. 26**. The Court granted Vanessa's request, and, on April 29, 2022, co-plaintiff Víctor Omar was joined to the case. **ECF Nos. 33** and **41**.

After several months in which the parties undertook discovery, on May 30, 2023, CSMPR filed a motion for partial summary judgment and a statement of uncontested material facts ("SUMF") seeking the dismissal of plaintiffs' survivorship claim. **ECF Nos. 72** and **73**. On June 20, 2023, after timely requesting an extension of time, the Ayala-Pacheco defendants filed their own motion for summary judgment and SUMF, seeking the dismissal of the claims against them. **ECF Nos. 82** and **83**. They also joined CSMPR's motion for summary judgment. **ECF No. 84**.

Plaintiffs did not oppose CSMPR's motion. As to the Ayala-Pacheco defendants' motion, plaintiffs requested an extension of time to respond on July 6, 2023, after the fourteen-day response period prescribed by L. Civ. R. 7(b) expired. **ECF No. 86**. The Court promptly denied their request because their "Counsel's vacations do not constitute 'good cause'" for granting the extension. **ECF No. 87**. Nevertheless, plaintiffs filed a terse, three-page opposition to the Ayala-Pacheco defendants' motion on July 15, 2023. **ECF No. 88**.

More recently, on October 16, 2023, Vanessa informed the Court that Víctor Omar had passed away and requested 90 days to substitute his heirs as co-plaintiffs under Fed. R. Civ. P. 25(a)(1). **ECF No. 95**. The Court granted Vanessa until January 20, 2024 to do so. **ECF No. 97**. On November 30, 2023, Vanessa filed an informative motion attaching a "Statement of Death by Funeral Director" and copies of his purported heirs' birth certificates. **ECF No. 98**.[4] On January

---

[4] The purported heirs are Kevin Omar Vázquez-Nevares, Sualymar Vázquez-Nevárez, Yomar Vázquez-Nevárez, and Onix Omar Vázquez-Nevárez.

22, 2024, CSMPR filed a motion to dismiss Víctor Omar's claims arguing that plaintiff had failed

comply with the requirements of Fed. R. Civ. P. 25(a)(1) because they had failed to submit "(1)

a Washington State Death Certificate; and (2) a Washington State Affidavit of Heirship (or a

Puerto Rico Declaration of Heirship, if applicable); or (3) a certified copy of Mr. Víctor O.

Vázquez-Torres' Will." **ECF No. 104** at 2. Vanessa responded the same day, attaching to its

opposition a "Certificate of Death" issued by the State of Washington Department of Health.

**ECF No. 105**. On January 25, 2024, the Court issued the following order:

> Plaintiff is to inform the Court whether she complied with service of the statement
> noting death and service of the motion to substitute in accordance with Fed. R.
> Civ. P. 25(a)(3), which includes service on nonparties-specifically, on the
> purported heirs of the decedent. In addition, plaintiff's counsel is to inform the
> Court whether he represents each and every member of the estate of Victor O.
> Vazquez-Torres. Compliance due by 2/9/2024.

**ECF No. 107**.

Vanessa failed to comply with this order, and on February 13, 2024, CSMPR filed a motion

to reiterate its request for dismissal, suggesting that Vanessa should have also submitted "Proof

of filing any action in the State of Washington with the Probate Court (or with the Court of First

Instance of Puerto Rico) requesting that it issues Letters Testamentary and appointing the

Executor of the Will." **ECF No. 109** at 3. The Court then gave Vanessa an order to show cause

why Víctor Omar's claims should not be dismissed. **ECF No. 110**. Vanessa filed a motion in

compliance on February 15, 2024, attaching copies of waivers of summons signed by the

purported members of Víctor Omar's estate and dated February 14, 2024, and stating that no other documents were necessary to effectuate the substitution. **ECF No. 111**.[5]

## II.    Legal Standard

Through summary judgment, courts "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992). A court may grant summary judgment only when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Sands v. Ridefilm Corp.*, 212 F.3d 657, 660 (1st Cir. 2000). A factual dispute is "genuine" if it could be resolved in favor of either party, and it is "material" if it potentially affects the outcome of the case. *See Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004); *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016) (citations omitted); Fed. R. Civ. P. 56(a). Although the court states the facts in the light most favorable to the party against whom summary judgment is entered, the court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Adria Int'l Grp., Inc. v. Ferre Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

The court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." *Reeves v. Anderson Plumbing Productions Inc.*, 530 U.S.

---

[5] In reality, only three of the four waivers were dated February 14, 2024. The other one was signed but left undated. *See* **ECF No. 111-3**.

133, 135 (2000). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of a jury, not of a judge. *See id.*

In order to defeat a properly supported motion for summary judgment, the non-moving party must set forth facts showing that there is a genuine dispute for trial. *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011). L. Civ. R. 56(c) states, in pertinent part, "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." *Id.*  Moreover, Local Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. . . The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced by the parties' separate statement of facts." L. Civ. R. 56(e). The nonmoving party is required to demonstrate "through submissions of evidentiary quality that a trial worthy issue persists." *Iverson v. City of Boston*, 452 F.3d 94, 108 (1st Cir. 2006).

"When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." *Pérez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533-34 (1st Cir. 2006) (citing *NEPSK, Inc. v. Houlton,* 283 F.3d 1, 7-8 (1st Cir. 2002)). Nonetheless, the Court must still scrutinize the summary judgment motion under the terms of the Federal Rules of Civil Procedure but, "[i]n most cases, a party's failure to oppose summary judgment is fatal to its case." *Id.* at 534.

III.   **Discussion**

    **A. Plaintiffs' untimely opposition to the Ayala-Pacheco defendants' motion.**

        **1.      Untimeliness of opposition.**

At the threshold, the Court must address the untimely filing of plaintiffs' opposition to the Ayala-Pachedo defendant's motion for summary judgment. Under Fed. R. Civ. P. 6(b)(1), the Court may "for good cause" extend the time to perform an act, such as filing an opposition. When the deadline to do so has elapsed, the movant must demonstrate not only good cause, but also that its omission was due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

After the fourteen-day deadline to oppose the motion had elapsed, counsel for plaintiffs, José Durand-Carrasquillo, filed a laconic motion requesting an extension of time. **ECF No. 86**. He only adduced to the fact that he was on vacation from June 21 to July 4, 2023 as justification for his omission. *Id.* The Court was not (and is still not) convinced that this reason constitutes either good cause or excusable neglect for missing the filing deadline. After all, the parties were under advisement of the filing deadlines included in the Case Management Order entered on December 19, 2022. **ECF No. 55**. Specifically, of the fourteen-day deadline to file oppositions to dispositive motions. *Id.* While it is true that the Ayala-Pacheco defendants' request for extension of time remained pending a ruling from the Court (**ECF No. 76**), plaintiffs did not oppose that extension or preemptively ask for one before allegedly leaving on vacation. Had the Court been informed of counsel Durand-Carrasquillo's vacations via a motion for extension of time prior to the filing of the motion for summary judgment on June 20, 2023, or prior to the expiration of the

fourteen-day response deadline, it may have reached a different decision on the request for an extension. Unfortunately, that was not so.

The Court has weighed the equities here and considered the fact that plaintiffs actually filed an albeit untimely opposition on July 15, 2023—which will be dealt with further below. **ECF No. 88**. That this opposition was filed in contravention of a Court order is no small matter. However, the Court will not penalize plaintiffs for their attorney's omission—even though it is entirely within its discretion to do so. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993). Nonetheless, counsel Durand-Carrasquillo will be called to answer for his inexcusable neglect further below.

### 2.      Failure to comply under L. Civ. R. 56(c).

Turning to plaintiff's opposition, the same consists of just three pages of legal argument with no attempt to refute the SUMF submitted by the Ayala-Pacheco defendants. Plaintiffs, moreover, failed to include a separate opposing statement of material facts to controvert those filed by the Ayala-Pacheco defendants.

Local Rule 56(c) unambiguously requires an opposing statement of material facts:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment…. Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation….

L. Civ. R. 56(c). In this district, it should be common knowledge that Local Rule 56 "is a mandate, not a suggestion." *See, e.g., Ramírez-Rivera v. DeJoy*, No. 3:21-CV-01158-WGY, 2023 WL 6168223,

at *2 (D.P.R. Sept. 22, 2023). The First Circuit has adamantly and consistently stated as much for at least fifteen years. *See, e.g., López-Hernández v. Terumo Puerto Rico LLC*, 64 F.4th 22, 26 (1st Cir. 2023) ("We have repeatedly emphasized the importance of complying with said local rule and have implored litigants to comply or ignore it at their peril.") (internal quotation marks omitted); *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007) ("[L]itigants ignore [the Local Rules] at their peril."). Thus, when a party opposing a motion for summary judgment fails to comply and thus controvert the moving party's statement of uncontested facts, "a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." *López-Hernández,* 64 F.4th at 26.

Here, plaintiffs' opposition evidently fails to comply with Local Rule 56. For that reason, reviewing the record citations included in the Ayala-Pacheco defendants' statements of material uncontested facts (**ECF No. 83**), the Court deems them admitted for purposes of the requests for summary judgment. Fed. R. Civ. P. 56(e); L. Civ. R. 56(e).

### B. CSMPR's motion for summary judgment on plaintiffs' survivorship claim.

CSMPR moves for summary judgment denying plaintiffs' survivorship claims as time-barred. Specifically, CSMPR argues that plaintiffs failed to properly raise the claim within the one-year limitations period established by Puerto Rico law for tort actions. Plaintiffs failed to oppose CSMPR's motion, for which the Court deems it unopposed and the accompanying SUMF admitted. Fed. R. Civ. P. 56(e); L. Civ. R. 56(e).

Because this Court is "sitting in diversity[, it applies] state substantive law and federal procedural law." *Suero-Algarín v. CMT Hospital Hima San Pablo Caguas*, 957 F.3d 30, 39 (1st Cir. 2020) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415 (1996) and *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)). Puerto Rico is treated as a state for diversity purposes. *Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC*, 794 F.3d 200, 204 (1st Cir. 2015). "In Puerto Rico, the statute of limitations is a substantive and not a procedural matter." *Alejandro-Ortiz v. Puerto Rico Elec. Power Auth. (PREPA)*, 756 F.3d 23, 27 (1st Cir. 2014) (citing *Olmo v. Young & Rubicam of P.R., Inc.*, 110 P.R. Dec. 740 742, 10 P.R. Offic. Trans. 965, 969 (1981)). The limitations period begins to run from the day when the plaintiff has "actual knowledge of both the injury and of the identity of the person who caused it." *Id.* (citing *Colón Prieto v. Géigel*, 115 P.R. Dec. 232, 15 P.R. Offic. Trans. 313, 330-31 (1984)). The statute of limitations may be tolled by the filing of a judicial complaint, among other means. *Rodríguez v. Municipality of San Juan*, 659 F.3d 168, 173 (1st Cir. 2011).

Under the Puerto Rico Civil Code in force at the time of the accident,[6] a survivorship claim is "the victim's personal action for damages experienced by him or her prior to death and caused by the negligent or intentional act or omission of another person." *Casón v. Puerto Rico Elec. Power Auth.*, 770 F.3d 971, 974 (1st Cir. 2014); *see also* P.R. Laws Ann. tit. 31 §§ 5141 ("A

---

[6] The current version of the Puerto Rico Civil Code, Act No. 55 of June 1, 2020, codified as 31 L.P.R.A. § 5311 *et seq.*, entered into force on November 28, 2020, repealing the previous 1930 Code. *See Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc.*, 79 F.4th 1, 5 n. 1 (1st Cir. 2023). The 2020 Puerto Rico Civil Code has yet to be officially translated into English. Nonetheless, the Court notes that Article 1816 of the 2020 Code, Laws of 31 L.P.R.A. § 11720, provides in relevant part that tort liability is determined by the law in effect at the time of the act or omission.

person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done.") and 2090 ("The inheritance includes all the property, rights, and obligations of a person which are not extinguished by his death."). This Court has already found that Vanessa failed to toll the survivorship claim prior to the filing of her first amended complaint on June 17, 2021, where she first raised such a claim. *See Vázquez-Torres v. Ayala-Marrero, et al.*, No. CV 21-1148 (ADC), 2022 WL 827068 (D.P.R. Mar. 18, 2022). In doing so, the Court left open the possibility that Víctor Omar may have undertaken some action to toll said statute in favor of the estate and allowed him to be joined as a co-plaintiff. *Id.*, at *4.[7] Thus, the only question is whether Víctor Omar failed to take any action to toll the statute of limitations period, which expired on June 13, 2020—one year after Víctor Arcides' death on June 13, 2019.

Prior to joining the above-captioned case as co-plaintiff, on March 6, 2020 Víctor Omar had, jointly with Vanessa, filed a complaint before the Commonwealth of Puerto Rico Court of First Instance, Bayamón Part, captioned *Víctor Omar Vázquez Torres and Vanessa Vázquez Torres v. Juan Pacheco, et al.*, Case No. BY2020CV02146, alleging the same facts as those in the second amended complaint and seeking compensation for their own respective damages suffered as a result of Víctor Arcides' death. **ECF No. 73** at ¶ 8. Crucially, that complaint did not include a survivorship claim. *Id.*, at ¶ 10. Though Víctor Omar later filed a second state court complaint that included a survivorship claim on June 16, 2021, the statute of limitations on that claim had

---

[7] Assuming, without deciding, that an independent act by either plaintiff could toll the statute of limitations for the survivorship claim.

already expired more than a year earlier. In other words, Víctor Omar's first state-court complaint did not operate as a tolling event with regards to the survivorship claim, and by the time he raised it in his second complaint, it was already time-barred.

Coupled with this Court' prior finding that Vanessa also failed to toll the statute of limitations as pertains the survivorship claim, the Court concludes, without more, that the survivorship claim is time-barred. The Court does not need to consider CSMPR's additional *res judicata* and collateral estoppel arguments for dismissal.

CSMPR's motion for partial summary judgment is **GRANTED**. Plaintiffs' survivorship claim is therefore **DISMISSED WITH PREJUDICE**.

### C. The Ayala-Pacheco defendants' motion for summary judgment on their claims as owners of co-defendant Maricao Super Market.

Turning now to the Ayala-Pacheco defendants' motion for summary judgment, the question before the Court is whether the Ayala-Pacheco defendants can be held liable as shareholders and officers of Maricao Super Market.

First, the Court notes that there is not much daylight between the factual contentions of the parties in this regard. In their second amended complaint, plaintiffs included a simple, straightforward factual narrative of how Víctor Arcides died and how, according to them, the fault lies in the electrical connection between the "Supermercado Maricao" establishment and the food truck located in the premises. **ECF No. 41** at 4-6, ¶¶ 18-22. In essence, plaintiffs allege that Maricao Super Market and the Ayala-Pacheco defendants set up a faulty electrical

connection between the establishment and the food truck "that led to unsafe electrical facilities that represented an imminent hazard… [which] undoubtfully caused the death of [Víctor Arcides]." **ECF No. 41** at 4, ¶ 18.[8] Plaintiffs further rely on the supposed lack of compliant permits for such connection and lay the blame on "the owners and operators of [Maricao Super Market, the Ayala-Pacheco defendants.]" *Id.*, at 4-5, ¶ 19.

The Ayala-Pacheco defendants do not contest that they are the "owners" of Maricao Super Market inasmuch as they are its shareholders. *See* **ECF No. 82** at 10. According to their brief statement of uncontested material facts, which the Court after careful review adopts in full, Maricao Super Market Inc. is the operator of Maricao Supermarket, located in Vega Alta, Puerto Rico. **ECF No. 83** at ¶ 5.   The Ayala-Pacheco defendants are admittedly both officers and shareholders of Maricao Super Market. *Id.*, at ¶¶ 6-7. Further, in their answers to plaintiffs' interrogatories, which were made under penalty of perjury, the Ayala-Pacheco defendants were clear in that they authorized the presence and electrical connection of the food truck in their roles as officers of Maricao Super Market. *See* Answers to First Set of Interrogatories and Production of Documents, **ECF No. 83-3** at 5, ¶¶ 11, 12. Plaintiffs do not contest any of these properly supported factual assertions.

---

[8] Plaintiffs have also included the owner of the property, José Arnaldo Torres-Figueroa, as a co-defendant on the theory that "he was negligent in permitting [the Ayala-Pacheco defendants,] owners of defendant Maricao Supermarket Inc.[, to] illegally and unsafely operate[] the electrical facilities…." **ECF No. 41** at 5-6, ¶ 22. Although Mr. Torres-Figueroa is currently in default, **ECF No. 71**, his negligence seems to be contingent on that of the other defendants.

As for the legal arguments of each side, the Ayala-Pacheco defendants contend that the corporate form shields them from personal liability because (i) the allegations against them are related to their roles as owners and operators of Maricao Super Market, and (ii) the latter is a corporate entity separate from its corporate directors, officers, and shareholders. *See* **ECF No. 82** at 10-11. Plaintiffs, on the other hand, argue that the Ayala Pachecho defendants are (i) personally liable for the actions of Maricao Super Market to the extent of their contribution to the corporation, and (ii) liable because "Puerto Rico Courts will by-pass the judicial personality of the corporation and subject the stockholder[']s patrimony to respond for the debts and obligations of the corporation." *See* **ECF No. 88** at 3.[9]

To recap: the Ayala-Pacheco defendants seek the protection of the corporate form to shield them from personal liability. Plaintiffs accept this as their theory of liability, forgoing any other alternative basis for holding the Ayala-Pacheco defendants liable, and riposte that there is no such corporate protection either because the Ayala-Pacheco defendants are directly liable for the actions and debts of Maricao Super Market or because the Court should pierce the corporate veil.

Accepting the parties' positions as stated, the Court has no other option but to side with the Ayala-Pacheco defendants. Plaintiffs are, as admitted in their opposition, seeking to hold Maricao Super Market's officers and shareholders liable for the corporation's actions; they do

---

[9] Plaintiffs rely on a handful of Puerto Rico Supreme Court cases for which no certified translation was provided by plaintiffs or has been published. *See* L. Civ. R. 7(c). The only such case that has a certified translation is *D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, 132 P.R. Dec. 905, 1993 P.R.-Eng. 840,226, P.R. Offic. Trans (P.R. 1993).

not argue for an independent tort claim against the Ayala-Pacheco defendants and this Court is not required to argue one for them. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Therefore, Article 1204(b) of the General Corporations Act of Puerto Rico, Law No. 164 of December 16, 2009, P.R. Laws Ann. tit. 14, § 3784(b), bars the type of action they are seeking to sustain. As a sister Court in this district recently summarized it:

> "Article 12.04(b) of the General Corporations Act of Puerto Rico, Law No. 164 of December 16, 2009, P.R. Laws Ann. tit. 14, § 3784(b), provides that no suit shall be brought against any officer, director or stockholder for any debt of a corporation of which such person is an officer, director or stockholder, until judgment is obtained against the corporation and execution thereon returned unsatisfied nor after three years from the date of such judgment."

*Kalkey v. Euromodas, Inc.*, No. CV 22-1245 (PAD), 2023 WL 8587965, at *14 (D.P.R. Dec. 11, 2023). This clear and unambiguous legislative mandate is enough to defeat plaintiffs' first argument for holding the Ayala-Pacheco defendants' liable.

   With regards to plaintiffs' woefully underdeveloped argument for piercing the corporate veil, it too must fail. First, because the Court has no duty to develop plaintiffs' arguments for them. *See Zannino*, 895 F.2d at 17 ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Second, because even if it had been properly developed, none of the exceptions that would allow this Court to pierce the veil are present on this record.

To wit, in order to have the Court to pierce the corporate veil and hold shareholders responsible for the actions or debts of a corporation under Puerto Rico law, a plaintiff must persuade the Court that, among other things, the "corporation is being used to sanction fraud, provide injustice, evade obligations, defeat public policy, justify inequity, protect fraud or defend crime." *Situ v. O'Neill*, 124 F. Supp. 3d 34, 50 (D.P.R. 2015) (internal citation and quotation marks omitted). The plaintiff bears the burden of establishing these grounds through "strong and robust evidence." *Id.* (citing *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980)). Here, nothing in the record comes even remotely close to meeting any of these grounds or the applicable evidentiary standard. Plaintiffs not only failed to develop this argument, but also failed to point the Court to any admissible evidence that would support it.

For these reasons, the Ayala-Pacheco defendants' motion for summary judgment is **GRANTED** and plaintiffs' claims against them are **DISMISSED WITH PREJUDICE**.

### D. Substitution of Víctor Omar by the purported members of his estate.

As summarized further above, pursuant to Fed. R. Civ. P. 25(a)(1), Vanessa informed the Court and the parties of Víctor Omar's death on October 16, 2023 in Tacoma, Washington, and requested 90 days to substitute him for his successors. **ECF No. 95**. She named the purported heirs on November 30, 2023, and restated her request that they be substituted for Víctor Omar. **ECF No. 98**. However, Vanessa did not provide any evidence that they had been served as required by Fed. R. Civ. P. 25(a)(3), reason for which the Court ordered her to provide such

information and as well to indicate whether they would be represented by her attorney. **ECF No. 107**.

Rule 25(a)(1) provides a procedural mechanism for the substitution of a party who has died during the pendency of a case and whose claim is not extinguished by his or her death. Specifically, it allows "any party or… the decedent's successor or representative" to file a motion for substitution "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). Rule 25(a)(3) provides the manner of service both the statement noting death and the motion to substitute, which require service upon parties pursuant to Rule 5 and service on nonparties under Rule 4. Fed. R. Civ. P. 25(a)(3).

The First Circuit Court of Appeals recently had the opportunity to clarify certain relevant aspects of Rule 25(a)(1) in *Marcus v. Am. Cont. Bridge League*, 80 F.4th 33 (1st Cir. 2023). There, the First Circuit reversed a district court's determination that a motion to substitute under Rule 25(a)(1) had to be filed within 90 days of the statement noting the death of the party, irrespective of whether the successors of representatives of the decedent were served. *See Marcus v. Am. Cont. Bridge League, Inc.*, No. CV 17-11165-FDS, 2021 WL 1132161, at *33 (D. Mass. Mar. 24, 2021).  The First Circuit interpreted Rule 25(a)(1) according to its plain meaning and language and held that "in order for the 90-day clock to begin running under Rule 25, the suggesting party must properly serve <u>both</u> the other parties and a nonparty successor or personal representative of the deceased with a notice of death." *Marcus v. Am. Cont. Bridge League*, 80 F.4th at 45.

Here, although the statement noting the death of Víctor Omar and the motion to substitute were served in accordance with Fed. R. Civ. P. 5(b)(1) on the other parties in this case on October 16 and November 30, 2023, **ECF Nos. 95** and **98**, Víctor Omar's purported heirs were not served under Fed. R. Civ. P. 4 until February 14, 2024. *See* **ECF No. 111**. While this delay may reflect poorly on Vanessa and/or her attorney (more on that below), the 90-day period began to run on the date of their waiver of service. That means that Víctor Omar's purported heirs may still be substituted in as co-plaintiffs.

Nevertheless, because Rule 25 is a procedural rule, Puerto Rico law governs whether Kevin Omar Vázquez-Neváres, Sualymar Vázquez-Nevárez, Yomar Vázquez-Nevárez, and Onix Omar Vázquez-Nevárez are the heirs of Víctor Omar. However, pursuant to Article 62 of the 2020 Puerto Rico Civil Code, P.R. Laws Ann. t. 31, § 5441 (which the Court applies because it is sitting in diversity), because Víctor Omar resided and was domiciled in the state of Washington—as alleged in the second amended complaint (**ECF No. 41** at 1-2, ¶¶ 1, 5) and stated in Vanessa's November 30, 2023 motion (**ECF No. 98** at 1, ¶ 2)—then that state's laws seems to govern his succession.[10] And although Vanessa identified them as his heirs, no official record attesting to this fact has been presented. This creates a possible standing issue insofar as the

---

[10] As mentioned above, the 2020 Puerto Rico Civil Code has yet to be officially translated into English. Therefore, the Court provides its own partial translation of the relevant part of Article 62: "**Article 62. —Succession caused by death; applicable law.** The succession caused by death is governed by the law of the decedent's domicile at the time of his or her death…." (translation ours).

purported heirs have not been named or declared as such or as representatives of Víctor Omar's estate pursuant to the applicable law.

For these reasons, the Court will not dismiss Víctor Omar's claim for the time being, as they have 90 days from February 14, 2024, to effectuate their request for substitution. CSMPR's motion to dismiss at **ECF No. 104** is thus **HELD IN ABEYANCE** and Kevin Omar Vázquez-Neváres, Sualymar Vázquez-Nevárez, Yomar Vázquez-Nevárez, and Onix Omar Vázquez-Nevárez are granted until **May 14, 2024,** to obtain and present to this Court an official public record or a certified copy of a will declaring them as heirs to, and/or representatives of, the estate of Víctor Omar.

**E.      Monetary Sanctions on Attorney Durand-Carrasquillo.**

As detailed above, attorney José Durand-Carrasquillo has failed to comply with several court orders, namely: (1) he neglected to abide by the deadline to oppose dispositive motions set out in the Case Management Order at **ECF No. 55** and failed to adduce to good cause and a proper excuse for his neglect; (2) he failed to meet the deadline to comply with Court's order at **ECF No. 107**, requiring the Court to issue an order to show cause; and (3) he failed to fully comply with said order at **ECF No. 107** in his response to the order to show cause by not addressing the Court's inquiry of whether he would represent the each and every member of Víctor Omar's estate.

In his response to the order to show cause, attorney Durand-Carrasquillo alluded to a "sickness of a member of [his] family… during the week ending February 9, 2024" as the cause

for his failure to serve the purported heirs of Víctor Omar under Fed. R. Civ. P. 4. **ECF No. 111** at 2. Leaving aside the illness of a family member, that the Court need not question, attorney Durand-Carrasquillo evidently misread the Court's order, which required Vanessa to **inform** the Court whether service on the purported heirs had been made, not to effectuate service, and required him to inform whether he represented the purported members of the estate. That he prepared and sent the waivers of summons on February 13, 2024, after the order to show cause, is irrelevant.[11] That he failed to inform whether he represented the members of the purported estate is not. However, the Court can surmise from the opposition to CSMPR's motion to dismiss that attorney Durand-Carrasquillo has indeed assumed their representation. *See* **ECF No. 105** at 1 ("COMES NOW Plaintiffs VANESSA VÁZQUEZ TORRES, KEVIN OMAR VÁZQUEZ NEVÁREZ, SUALYMAR VÁZQUEZ NEVÁREZ, YOMAR VÁZQUEZ NEVÁREZ and ONIX OMAR VÁZQUEZ NEVÁREZ, through the undersigned attorney….").

The Court has weighed the equities and, given the confusion, delay, and burden on the Court that attorney Durand-Carrasquillo's non-compliance has generated in relation to the haphazard substitution process, the Court considers it necessary to impose a monetary sanction of attorney Durand-Carrasquillo. For that reason, attorney Durand-Carrasquillo is **ORDERED TO SHOW CAUSE** by no later than **March 18, 2024**, why the Court should not impose a $500.00 sanction for the above-described conduct.

---

[11] It is not lost upon the Court that this service could and should have been done much earlier and on attorney Durand-Carrasquillo's own initiative rather than in response to the order to show cause. But in large part because of the First Circuit's decision in *Marcus*, *supra*, his clients are spared from the dismissal of their claims.

IV.    **Conclusion**

For the reasons stated in this Opinion & Order, the Court hereby ORDERS as follows:

- CSMPR's motion for partial summary judgment at **ECF No. 72** is **GRANTED**. Plaintiffs' survivorship claim is therefore **DISMISSED WITH PREJUDICE**.

- The Ayala-Pacheco defendants' motion for summary judgment at **ECF No. 82** is **GRANTED** and plaintiffs' claims against them are **DISMISSED WITH PREJUDICE**.

- CSMPR's motion to dismiss at **ECF No. 104** is **HELD IN ABEYANCE** and the purported members of the estate—Kevin Omar Vázquez-Nevares, Sualymar Vázquez-Nevárez, Yomar Vázquez-Nevárez, and Onix Omar Vázquez-Nevárez—are granted until **May 14, 2024** to obtain and present to this Court an official public record or a certified copy of a will declaring them as heirs to, and/or representatives of, the estate of Víctor Omar.

- Attorney Durand-Carrasquillo is **ORDERED TO SHOW CAUSE** by no later than **March 18, 2024**, why the Court should not impose a $500.00 sanction for the above-described conduct.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 1st day of March, 2024.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**